UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: STRYKER LFIT V40 FEMORAL HEAD PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To: 1:22-cv-10403<br><br><br>ROBERT A. RICKER<br><br>PLAINTIFF,<br><br>v.<br><br>HOWMEDICA OSTEONICS CORP.<br><br>DEFENDANTS. | MDL No. 17-md-2768-IT<br><br><br><br><br>**SHORT FORM COMPLAINT AND JURY DEMAND** |

1. Plaintiff, Robert A. Ricker, states and brings this civil action in MDL No. 2768, entitled *In Re: Stryker LFIT V40 Femoral Head Products Liability Litigation*. Plaintiff is/are filing this Short Form Complaint as permitted by Pretrial Order #2 dated October 12, 2017 of this Court.

**PARTIES, JURISDICTION AND VENUE**

2. Plaintiff, Robert Ricker, is a resident and citizen of the State of Michigan and claims damages as set forth below.

3. Venue of this case is appropriate in the United States District Court, Eastern District of Michigan. Plaintiff states that but for the Order permitting directly

filing into the District of Massachusetts pursuant to Pretrial Order No. 2, Plaintiff would have filed in the United States District Court, Eastern District of Michigan. Therefore, Plaintiff respectfully requests that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

4. Plaintiff brings this action *[check the applicable designation]*:

\_\_\_X\_\_ On behalf of himself;

_____ In a representative capacity as the _____ of the _____ having been duly appointed as the _____ by the _____Court of \_\_\_\_\_. A copy of the Letters of Administration for a wrongful death claim is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent. *[Cross out if not applicable.]*

## FACTUAL ALLEGATIONS

Allegations as to **Right-Side** Implant/Explant Surgery:

5. Plaintiff was implanted with an LFIT Anatomic CoCr V40 Femoral Head on his right hip on or about May 9, 2011, at Covenant Healthcare, Saginaw, Michigan, by Dr. Brian Beaubien.

6. Plaintiff was implanted with the following femoral stem during May 9, 2011 surgery:

\_\_\_X\_\_\_ Accolade TMZF

_____          Accolade II

_____          Other _____(Femoral Stem)

7.   Plaintiff has not yet had the femoral head at issue explanted.

Allegations as to **Left-Side** Implant/Explant Surgery:

8.   Plaintiff was implanted with a LFIT Anatomic CoCr V40 Femoral Head on her left hip on or about November 20, 2006, at Covenant Healthcare, in Saginaw, Michigan, by Dr. Brian Debeaubien.

9.   Plaintiff was implanted with the following femoral stem during the November 20, 2006 surgery:

\_\_X\_\_\_\_          Accolade TMZF

_____          Accolade II

_____          Other _____(Femoral Stem)

10.   Plaintiff had the femoral head at issue explanted on October 3, 2019, at Covenant Healthcare, in Saginaw, Michigan, by Dr. Brian Debeaubien.

## ALLEGATIONS AS TO INJURIES

11.   (a)   Plaintiff claims damages as a result of (check all that are applicable):

\_\_X\_\_\_          INJURY TO HIMSELF

_____          INJURY TO THE PERSON REPRESENTED

_____          WRONGFUL DEATH

_____          SURVIVORSHIP ACTION

\_\_X\_\_\_          ECONOMIC LOSS

12.   Plaintiff has suffered injuries as a result of implantation of the Devices at

3

issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

13. Plaintiff has suffered injuries as a result of the explantation of the Device at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

14. Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff.

15. Plaintiff could not have known that the injuries he suffered were as a result of a defect in the Devices at issue until after the date the Device was recalled from the market and the Plaintiff came to learn of the recall.

16. In addition, Plaintiff could not have known that he was injured by excessive levels of chromium and cobalt until after the date he had his blood drawn and he was advised of the results of said blood-work and the fact that those blood work abnormalities were attributable to a defect in the Devices at issue.

**CASE-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

17. The following claims and allegations are asserted by Plaintiff and are herein adopted by reference (check all that are applicable):

   __X___  COUNT I - NEGLIGENCE;

   __X___  COUNT II - NEGLIGENCE PER SE;

   ___X__  COUNT III - STRICT PRODUCTS LIABILITY –

4

\_\_X\_\_\_        DEFECTIVE DESIGN;

\_\_X\_\_\_        COUNT IV - STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT;

\_\_X\_\_\_        COUNT V - STRICT PRODUCTS LIABILITY- FAILURE TO WARN;

\_\_X\_\_\_        COUNT VI - BREACH OF EXPRESS WARRANTY;

\_\_\_X\_\_        COUNT VII- BREACH OF WARRANTY AS TO MERCHANTABILITY;

\_\_X\_\_\_        COUNT VIII - BREACH OF IMPLIED WARRANTIES;

\_\_X\_\_\_        COUNT IX - VIOLATION OF MASSACHUSETTS CONSUMER PROTECTION ACT

\_\_X\_\_\_         COUNT X – VIOLATION OF CONSUMER FRAUD AND/OR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW;

\_\_X\_\_\_        COUNT XI - NEGLIGENT MISREPRESENTATION

_____         COUNT XII - LOSS OF CONSORTIUM

_____         COUNT XIII – UNJUST ENRICHMENT

_____        COUNT XIV – WRONGFUL DEATH

\_\_\_X\_\_        COUNT XV- PUNITIVE DAMAGES

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For compensatory damages requested and according to proof;

2.    For all applicable statutory damages of the state whose laws will govern this action;

5

3. For an award of attorneys' fees and costs;

4. For prejudgment interest and costs of suit;

5. For restitution and disgorgement of profits; and,

6. For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.

Date: March 15, 2022                                                                 Respectfully submitted,


                                                                    BY   s/ Alex C. Davis
                                                                    Alex C. Davis
                                                                    JONES WARD PLC
                                                                    The Pointe
                                                                    1205 E. Washington St., Suite 111
                                                                    Louisville, KY 40206
                                                                    Phone: 502-882-6000
                                                                    Fax: 502-587-2007
                                                                    Email: alex@jonesward.com
                                                                    *Counsel for Plaintiff*